Donald BARNES, Plaintiff,

v.

**DEPARTMENT OF HOUSING AND UR-
BAN DEVELOPMENT, Defendant.**

No. 83–281.

Supreme Court of Iowa.

Dec. 21, 1983.

As Corrected Jan. 24, 1984.

John L. Butler and James C. Ellefson of Lundy, Butler & Lundy, Eldora, for plaintiff.

Ted Enabnit of Enabnit & Keen, P.C., Mason City, and Thomas G. Schrup, Asst. U.S. Atty., for defendant.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON, and CARTER, JJ.

LARSON, Justice.

The United States District Court for the Northern District of Iowa has certified two questions for resolution by this court under Iowa Code chapter 684A and Iowa Rules of Appellate Procedure 451–61.

These questions arose in an action for injunction brought in federal court in which the plaintiffs, as owners of rental properties in Hampton, Iowa, challenged actions by the United States Department of Housing and Urban Development (HUD) and the North Iowa Regional Housing Authority (NIRHA), as well as their administrators and board members, in converting a former

hospital in Hampton for use as a low-income and elderly housing project.

The basis of the plaintiffs' challenge is that the defendants, developers of the housing project, have failed to obtain approval by the Hampton City Council, as required by Iowa Code section 403A.5 (last unnumbered paragraph). The defendants respond that, because NIRHA is an agency formed under Iowa Code chapter 28E (providing for joint exercise of governmental functions), and is not a "Municipal Housing Agency" as provided for in chapter 403A, it is not required to obtain approval of the council under section 403A.5.

The two questions certified by the federal court are:

1. Are regional housing authorities established pursuant to Chapter 28E, Code of Iowa (1981) required to submit their recommendations for housing projects to local governing bodies for majority approval under § 403A.5 in the same manner as municipalities and municipal housing agencies. In other words, do the provisions of § 403A.5 apply to Chapter 28E regional housing authorities?

2. May a local governing body delegate or transfer its power to approve recommendations for housing projects under § 403A.5 to a regional housing authority established under Chapter 28E?

We answer the first question in the affirmative; regional housing authorities established under chapter 28E are required to obtain approval under section 403A.5. We answer the second question in the negative; a local governing body may not delegate its power of approval under section 403A.5 to a regional housing authority organized under chapter 28E.

■ We begin with an overview of the two code chapters involved. Chapter 28E, entitled "AN ACT to authorize joint exercise of governmental powers by public agencies," was enacted in 1965. Under that act, any "public agencies," which include all political subdivisions of the state, are authorized to enter into agreements with each other "to make efficient use of their powers by enabling them to provide joint services and facilities with other agencies and to co-operate in other ways of mutual advantage." Iowa Code § 28E.1. While chapter 28E is broad enough to encompass joint exercise of powers with regard to housing, it does not purport to be a housing law. The substantive housing law is found in chapter 403A.

Section 403A.5, which is the section involved here, provides in relevant part:

A municipality or a "Municipal Housing Agency" may not proceed with a housing project until a study or a report and recommendation on housing available within the community is made public by the municipality or agency and is included in its recommendations for a housing project. Recommendations must receive majority approval from the local governing body before proceeding on the housing project.

It is not contended by these defendants that the "majority approval from the local governing body" (here, the Hampton City Council) has been obtained; they contend that it is not necessary.

Chapter 28E, under which NIRHA was formed, does not confer any additional powers on the cooperating agencies; it merely provides for their joint exercise. *See* Iowa Code § 28E.3 ("[a]ny power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency ... having such power ...."). *See also Goreham v. Des Moines Metropolitan Area Solid Waste Agency,* 179 N.W.2d 449, 455–56 (Iowa 1970).

■ HUD and NIRHA argue, however, that the agreement that Hampton signed when it joined NIRHA invested NIRHA with the powers necessary for it to do what it seeks to do here, the development of the low-income housing project without city council approval. It is true that the city's agreement with NIRHA included a delegation of "all powers, privileges and authority authorized by the Iowa Constitution or Statute for housing authorities." The

problem with this argument, however, is that the city itself did not have the power to complete a housing project without council approval. Section 403A.5 provides that a city, whether acting itself, or through a "Municipal Housing Agency" must provide a study or report and recommendation for the public's scrutiny, then obtain approval of the city council. *See* § 403A.5 (last unnumbered paragraph); Section 403A.2(3) ("local governing body" means city council here).

Iowa Code section 403A.9 provides that "[a]ny two or more municipalities may join or co-operate with one another in the exercise of any or all of the powers conferred hereby for the purpose of financing, planning, undertaking, constructing or operating a housing project or projects." The legal effect of the city's participation in NIRHA is to implement this section by joining other municipalities in a joint enterprise. As already noted, the powers exercised by those municipalities in connection with this project are not independent powers arising under chapter 28E but a joint exercise of powers already vested in the members. The power to construct low-income housing under chapter 403A is tempered by the requirement that the city must publicize its plans for the project and obtain council approval.

While it might seem incongruous that a city must obtain approval of its own council for a housing project, this is clearly what section 403A.5 requires. This appears to be a reasonable requirement, moreover, because obviously a board or "Municipal Housing Authority" under section 403A.5 (or a joint agency such as here) which is charged with implementing the city's housing powers, is a separate entity from the city council itself. While responsibility for making recommendations has been delegated by the city to the board or agency involved, the council must still make the ultimate decision in approving or rejecting the proposal of its board or agency.

■ We conclude, therefore, that regional housing authorities established pursuant to chapter 28E are required to submit the recommendations for approval to the city council as required by section 403A.5 in the same manner as municipalities and municipal housing agencies.

■ The defendants argue that even if a chapter 28E agency project is subject to the approval requirements of section 403A.5, the power to grant approval had been delegated by the city to NIRHA. Even if we assume that the city's agreement with NIRHA was broad enough to delegate such approval power, it could not do so in this case. As discussed above, the city itself lacked power to implement the housing project without council approval. Obviously, it could not delegate more power than it had. We conclude that the local governing body could not delegate or transfer its power to approve recommendations for housing projects under section 403A.5 to a regional housing authority established under chapter 28E.

CERTIFIED QUESTIONS ANSWERED.